**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEREMY J. SNYDER,

    Defendant - Appellant.

No. 22-3089
(D.C. No. 6:20-CR-10005-EFM-4)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.

_____

Jeremy J. Snyder, proceeding pro se, appeals from the district court's denial of

his motion under 18 U.S.C. § 3582(c)(1)(A)(i) for compassionate release.  The

government elected not to file a response brief.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

In September 2020, Mr. Snyder pleaded guilty to the use of a communication

facility to facilitate the commission of a drug crime in violation of 21 U.S.C.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 843(b), and to possession of methamphetamine in violation of 21 U.S.C. § 844(a). In April 2021 he was sentenced to 60 months' imprisonment. Mr. Snyder is currently incarcerated at the La Tuna Federal Correctional Institution (FCI La Tuna). His projected release date is May 1, 2024, but he is eligible for home detention on November 2, 2023.

In March 2022, Mr. Snyder filed a motion for compassionate release, asserting that many courts had granted compassionate release because of the threat of COVID-19. He alleged that the vaccines lose their effectiveness after four to six months, with record numbers of COVID-19 infections resulting in record numbers of COVID-19 hospitalizations and deaths. And he argued that the "extraordinary and compelling number of COVID cases in prison[,]" his "health issues of obesity and a history of smoking[,]" and "the impossibility to social distance as recommended by the [Centers for Disease Control and Prevention (CDC),] warrant[ed] a sentence reduction." R., vol. I at 113.

In May 2022 the district court denied the motion. Although the district court recognized that the CDC has found that Mr. Snyder's medical condition of obesity may increase his risk of severe illness from COVID-19, the court concluded he did not show a high risk. The court based this risk assessment on the following evidence: (1) there was no widespread COVID-19 outbreak at FCI La Tuna at the time of its decision (no active inmate cases and only three active staff cases) and the prison has

taken steps to control outbreaks; (2) Mr. Snyder has been fully vaccinated;[1] and (3) he has already contracted COVID-19 with no serious medical complications. The court therefore determined that Mr. Snyder had not met his burden to demonstrate "an extraordinary and compelling circumstance warranting a sentence reduction." *Id.* at 258.

We review for abuse of discretion a district court's denial of a motion for compassionate release under § 3582(c)(1)(A). *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* (internal quotation marks omitted).

Under § 3582(c)(1)(A) a district court engages in a three-step process to determine whether to grant a motion for compassionate release. The court considers whether (1) "extraordinary and compelling reasons warrant a sentence reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission" (though there is no applicable policy statement at this time); and (3) the relevant sentencing factors in 18 U.S.C. § 3553(a) warrant a reduction. *United States v. Hald*, 8 F.4th 932, 937-38, 938 n.4 (10th Cir. 2021) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 2742 (2022). A district

---

[1] As the government noted in its response brief in district court, prison records show that Mr. Snyder initially refused a COVID-19 vaccine on October 5, 2021, and tested positive for COVID-19 about a month later. Mr. Snyder then agreed to be vaccinated on January 7, 2022.

court may properly deny a compassionate-release motion if any of these three prerequisites is lacking and need not address the other two. *See id.* at 942-43.

On appeal Mr. Snyder raises the following issues: (1) the district court erred in finding there is no widespread COVID outbreak at FCI La Tuna; (2) "vaccinations do not stop more contagious variants," Aplt. Br. at 3; (3) "[he] does have extraordinary/compelling reasons," *id.* at 4; (4) "previous COVID infection does not eliminate risk," *id.*; (5) "fully vaccinated inmates [are] still at risk," *id.* at 5; and (6) the district court ignored case law in support of a sentence reduction and cited to case law that came out before omicron and other variants. We construe Mr. Snyder's pro se brief liberally, but we do not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

We see no abuse of discretion in the district court's decision to deny Mr. Snyder's motion for compassionate release. The court gave a reasoned basis for its decision and did not rely on any erroneous factual findings or incorrect conclusions of law. First, the district court's factual finding that there was no widespread COVID outbreak at FCI La Tuna at the time of its decision is not clearly erroneous. Mr. Snyder has offered no evidence that this finding was untrue when the district court entered its order on May 4, 2022, which is the relevant timeframe, *see Hemmelgarn*, 15 F.4th at 1032.

Next, although Mr. Snyder contends that vaccinations do not stop more contagious variants and fully vaccinated inmates are still at risk, the district court did not err in finding that Mr. Snyder's being fully vaccinated decreases his risk for

severe illness from COVID-19 and therefore "changes the calculus on the extraordinary and compelling reasons inquiry," R., vol. I at 258 (internal quotation marks omitted). According to the CDC, vaccination does lessen the potential for severe illness from COVID-19.[2]

As for Mr. Snyder's argument that a previous COVID-19 infection does not eliminate the risk of reinfection, the district court found that Mr. Snyder had no serious medical complications when he contracted COVID-19 in November 2021. Mr. Snyder does not challenge that finding. The district court therefore did not abuse its discretion in considering his prior infection when determining that he was not at high risk of severe illness from COVID-19 even with his underlying medical conditions. *See Hemmelgarn*, 15 F.4th at 1032 ("[T]he district court's statement that [the inmate] recovered from COVID-19 despite his medical conditions is simply consistent with the view that those conditions do not place him at high risk of severe illness from COVID-19.").

Mr. Snyder also complains the district court ignored case law that supported a sentence reduction, but the district court did not ignore or fail to comply with any binding precedent in denying his motion. In any event, in considering compassionate release because of COVID-19, the relevant considerations may differ from prisoner

---

[2] "COVID-19 vaccination significantly lowers your risk of severe illness, hospitalization, and death if you get infected." CDC, *Frequently Asked Questions About COVID-19 Vaccination*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/faq.html (last updated Dec. 22, 2022).

to prisoner, from institution to institution, and from one month to the next, thereby greatly reducing the persuasive effect of any particular nonprecedential decision.

Only one argument from Mr. Snyder merits further mention.  When discussing Mr. Snyder's risks from COVID-19, the district court specifically noted the increase in risk of severe illness because of his obesity, citing a CDC report.  Mr. Snyder suggests that the court did not also consider his history of tobacco and drug use.  We are not persuaded.  In the preceding paragraph the court had explicitly referenced Mr. Snyder's history of tobacco and drug use.  The natural inference is that the court discounted the risk from those conditions for the same reasons it discounted the risk arising from his obesity—the vaccinations received by Mr. Snyder significantly decreased his risk of severe disease or death and his prior infection did not result in any severe medical complications.

We conclude that the district court did not abuse its discretion in determining that Mr. Snyder failed to demonstrate an extraordinary and compelling circumstance warranting a sentence reduction.  The district court provided a reasoned basis for denying Mr. Snyder's motion and did not rely on any incorrect conclusions of law or erroneous factual findings.  Accordingly, we affirm the district court's judgment.

Entered for the Court

Harris L Hartz
Circuit Judge